838 F.2d 472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
Lawrence P. BENSON, Indiv. and Official Capacity, et al., Defendants,
Donald Widmann, M.D., Individually and Official Capacity;
the Toledo Mental Health Center, Defendants-Appellees.
 Nos. 87-3246, 87-3263.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 These consolidated appeals and motion have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiff, a black male hospital administrator, appeals from the decision of the district court for the Northern District of Ohio which dismissed his employment discrimination action filed pursuant to Title VII, 42 U.S.C. Sec. 2000(e) and 42 U.S.C. Sec. 1983. The district court dismissed the plaintiff's action after a bench trial held on November 18-21, 1986. Based on the testimony and exhibits presented at that trial, the district court found that the plaintiff had failed to: establish a prima facie case of discriminatory failure to hire; prove that the legitimate reasons advanced for his discharge were mere pretext; and establish a prima facie case of retaliatory discharge. The plaintiff now challenges these findings as being clearly erroneous. He also requests by motion that this court order the district court to reimburse him the filing fee paid for appeal number 87-3263.
 
 
 3
 A finding of fact made by the district court in a Title VII action will not be overturned on appeal if it is supported by substantial evidence. Anderson v. City of Bessemer, 470 U.S. 564 (1985); Wrenn v. Gould, 808 F.2d 493 (6th Cir.1987). The factual findings of the district court are to be considered clearly erroneous only if the appellate court on review "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364 (1948).
 
 
 4
 Upon review of the record and the arguments advanced on appeal, we conclude that no clear error was committed by the district court in the present case. The material facts of the district court are fully supported by the record and the testimony and exhibits presented during the November, 1986 trial.
 
 
 5
 Accordingly, the judgment of the district court as entered on February 5, 1987, is affirmed for the reasons set forth therein. Rule 9(b)(5), Rules of the Sixth Circuit. The plaintiff's motion for reimbursement of the filing fee paid in appeal number 87-3263 is hereby denied.